PER CURIAM |,Writ granted in part; Denied in part. Police officers had sufficient probable cause to arrest and search the defendant upon seeing him commit the violation of Section 154-1607(a) of the Municipal Code of the City , of New Orleans (‘Where a sidewalk is provided, it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.”), regardless of whether the officers had the actual intent to arrest the defendant for the violation. See La. C.Cr.P. art. 213(A)(1) (police officer may arrest without a warrant for a misdemeanor offense committed in his presence); State v. Butler, 12-2359, p.5 (La. 5/17/13), 117 So.3d.87, 88-89 (“In the present case, we may assume that the police officers had no actual subjective intent to arrest defendant for ... violation of the dty ordinance because they were looking for ‘high profile criminals.’... [Pjurely as an objective matter, the officers ultimately did nothing more than what the law entitled them to do by detaining defendant after observing him commit a misdemeanor offense in their presence and searching him for weapons and evidence, without regard to whether they had an articulable and particularized concern for their safety and then arresting him, albeit not for the offense for which they initially had probable cause.” (Emphasis in original.)). We therefore find the trial court abused its discretion by granting the defendant’s motion to suppress the physical evidence seized during the search of defendant. We grant the ^state’s writ application in part and reverse as to the trial court’s suppression of the physical evidence. The trial court did not abuse it discretion in suppressing the statements made by the defendant in response to questions directed by police about evidence seized in connection with the search of the defendant. The statements were made after the defendant had been arrested and prior to him being advised of his Miranda rights. See Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966) (The obligation to provide Miranda warnings attaches only when a person is questioned by law enforcement after he has been taken “into custody or otherwise deprived of his freedom of action in any significant way.”); State v. Hunt, 09-1589, p.11 (La. 12/1/09), 25 So.3d 746, 754 (“[Bjefore a confession or inculpatory statement made during a custodial interrogation may be introduced into evidence, the State must prove beyond a reasonable doubt that the defendant was first advised of his Miranda rights, that he voluntarily and intelligently waived those rights, and that the statement was made freely and voluntarily and not under the influence of fear, intimidation, menaces, threats, inducement, or promises.”). As such, the state’s writ application is denied in part as to the trial court’s ruling suppressing the defendant’s statements made following his custodial arrest and prior to being advised of his Miranda rights. Accordingly, the case is remanded to the trial court for further proceedings. JOHNSON, C.J., would deny and assigns reasons. WEIMER, J., dissents and assigns reasons.